MATTER OF THOMPSON

In Visa Petition Proceedings

ALB-N-45

*Decided by Commissioner August 11, 1981*

(1) Dissolution of a foreign business or cessation of foreign business activity by the petitioner would not preclude an alien beneficiary from being accorded status as an intra-company transferee since section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(L), only requires the employment of the beneficiary outside of the United States by the foreign firm or other legal entity for one year prior to entry.

(2) The existence of a foreign employer or a foreign office of the United States employer is not required. *Matter of Chartier,* 16 I&N Dec. 284 (BIA 1977) followed.

ON BEHALF OF PETITIONER:    Thomas A. Elliot, Esquire
Wasserman, Orlow, Ginsberg, and Rubin
1707 H Street, N.W.
Washington, D.C. 20006

This matter is before the Commissioner on certification from the decision of the Eastern Regional Commissioner denying the visa petition. The Regional Commissioner found that the petitioner had failed to establish that the beneficiary was an executive manager of the Canadian parent organization and that there is a requirement for the continuation of a foreign operation contained in the intent of the "L" legislation.

Additional evidence has been requested and received. The record now reflects that Thompreen Holding Limited was duly incorporated under the laws of Ontario, Canada, and conducted a dry cleaning business from 1969 to 1978; that Thompreen Holding Limited is the sole stockholder in Thompson Motel Limited; that the beneficiary was employed by Thompreen from 1969 to 1978 as Executive Manager (as evidenced by statements made by the chartered accounting firm that serviced Thompreen Holdings); and that the beneficiary has filled an executive position with Thompson Motel in the United States since 1978. The documentations submitted also includes the minutes of the annual meetings of the directors of Thompreen Holdings, Limited which establish the active participation of the beneficiary in the management of the foreign business entity since at least 1974. The remaining issue to be resolved concerns the Regional Commissioner's interpretation that the

statute requires the foreign based operation be a continuing entity.

The Regional Commissioner stated in his decision that it was not the intent of law to allow intra-company transfers of persons who are coming to the United States to perform services when there are no longer any foreign operations. The Regional Commissioner pointed out that "(a)ny individual could manage their own business outside the United States for one year, liquidate the business operation, form a holding corporation and then purchase a business inside the United States." Such a person could then petition for himself/herself.

I agree with the Regional Commissioner that this effect which allows the complete transfer of a business enterprise from a foreign country to the United States was in all probability an unintended product of Pub. L. 91-255 which amended section 101(a)(15) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15). However, a full review of the amending statute and of the legislative history contained in House of Representatives Report No. 91-851 fails to present a clear expression of Congressional intent which would preclude an interpretation favorable to the petitioner. The Supreme Court of the United States has held that when the wording of a statute is clear and unambiguous, the statute should be enforced according to its terms and that there is no room for interpretative construction, *Camivetti* v. *U.S.*, 242 U.S. 470 (1917). If the application of law results in an unintended effect, it remains the prerogative of Congress to permit the effect to continue or to modify it by subsequent legislation. At the present time the Service is bound to follow the Board of Immigration Appeals in *Matter of Chartier*, 16 I&N Dec. 284 (BIA 1977). The Board stated that the existence of a foreign employer or a foreign office of the United States employer is not required. The statute only requires the employment of the beneficiary outside of the United States for one year prior to entry. In the context of the statutory wording and of *Matter of Chartier*, dissolution of a foreign business or cessation of business activity abroad would not preclude an alien beneficiary from being accorded status as an intra-company transferee.

Accordingly, the following order shall be entered.

**ORDER:** The visa petition is approved.